**EXHIBIT A**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among KAREN JONSCHER, ("Plaintiff") and THE UNIVERSITY OF COLORADO, through its BOARD OF REGENTS, a body corporate, (the "University"), (collectively, the "Parties").

## RECITALS

A. Plaintiff has filed a lawsuit alleging a violation of the Equal Pay Act, 29 U.S.C. § 206(d) against the University in the United States District Court for the District of Colorado, Case No. 1:21-cv-00571-RMR-KLM (the "Civil Action").

B. The University denies it has violated the Equal Pay Act and maintains that disparities between Plaintiff's pay and others', if any, were the result of the University's pay system based on seniority, merit, and/or measurement of earnings based on quantity or quality of production and were not based on Plaintiff's gender.

C. The Parties have reached an agreement to resolve all issues and release all claims asserted in the Civil Action, and any and all claims related to Plaintiff's employment with the University.

**NOW, THEREFORE**, in consideration of the mutual promises and releases contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount.** Within thirty days of the execution of this Agreement by the University, the University will pay a total of $85,000 to settle all claims asserted or that could have been asserted in the Civil Action. The settlement amount will be paid as follows:

   a. $60,000 for wages will be paid to Plaintiff through the University's payroll system, subject to applicable withholdings, before-tax deductions, and taxes. This amount shall be reported by the University by the issuance of a Form W-2 for 2021 to Plaintiff.

   b. $25,000 will be paid to the firm of Katz & Kern, LLP for attorney fees and costs incurred by Plaintiff in the Civil Action. The amount shall be reported by the University by the issuance of a Form 1099 to the firm.

2. **Waiver and Release.** In consideration of the settlement amount set forth in Section 1 of this Agreement, Plaintiff, on behalf of herself, her heirs and assigns, and all other persons claiming under her, hereby releases and forever discharges the University, and its current and former employees, officers, directors, agents, contractors, and all other persons, corporate or natural, affiliated with the University in both their individual and official capacities, from any and all liabilities, claims, damages, grievances, complaints, claims for attorney fees, and causes of action of whatsoever kind, whether known or unknown, asserted or unasserted, which are or may

be based in whole or in part on Plaintiff's employment with the University, including specifically but not exclusively, claims for equitable relief, claims for compensation, benefits or privileges, and any and all claims that were raised or that could have been raised in the Civil Action. The terms of this Release are acknowledged by the Parties to be mutually beneficial to all parties. Plaintiff acknowledges that she may not be aware of the full nature and extent of her damages and that she willingly assumes the risk of any unknown injuries or damages in return for the consideration provided to her.

3. **No Future Employment.** Plaintiff agrees not to apply for employment or any volunteer appointment at the University's Anschutz Medical Campus at any time in the future. It is further agreed by the Parties that the University will not employ Plaintiff, in a paid or voluntary basis, on the University's Anschutz Medical Campus at any time in the future.

4. **Dismissal of Civil Action.** Upon Plaintiff's receipt of the payment pursuant to Section 1 of this Agreement, Plaintiff and the University agree to file with the United States District Court, District of Colorado, a stipulation dismissing the Civil Action and all claims against the University with prejudice, with each party to bear its own costs and attorneys' fees, except as stated in Section 1.

5. **Denial of Liability.** The Parties expressly understand and agree that there exists a bona fide dispute between the Parties in the Civil Action and nothing contained in this Agreement shall be construed as an admission of liability on the part of the University or the employees or officers of the University.

6. **Non-Transfer of Claims.** Plaintiff warrants and represents that she has not sold, assigned, granted or transferred to any person or legal entity any claim, demand, judgment, or cause of action encompassed by this Agreement which she may have against the University in the Civil Action, and that she possesses the sole ability to release any and all claims against the University.

7. **Voluntary Execution.** By their signatures below, the Parties to this Agreement affirm that they have read and fully understand all the terms of this Agreement. The Parties further affirm that they are entering into this Agreement voluntarily and have not been threatened, coerced, or intimidated or in any way pressured into the signing of this Agreement, and have had sufficient time to reflect upon the finality of the terms of this Agreement and have had sufficient opportunity to consult with legal counsel regarding the terms of this Agreement.

8. **Entire Agreement.** This Agreement constitutes the full and complete understanding and agreement of the Parties with respect to the subject matter covered in it. There are no oral or written agreements between the Parties as to the subject matter of this Agreement that are not contained within this Agreement. No addition, deletion or amendment shall have any force or effect, except as mutually agreed to in a writing signed by all of the Parties.

9. **No Construction Against Drafter**. Each Party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party.

**10.** **No Reliance on Extrinsic Facts**. No Party (nor any officer, agent, employee, representative, or attorney of any Party) has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement other than those set forth in this Agreement, and no Party relies upon any statement, representation or promise of any other Party (or of any officer, agent, employee, representative, or attorney of any other Party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement. The Parties expressly assume the risk that the facts or law may be, or may become, different from the facts or law as presently believed by the Parties.

**11.** **Governing Law.** Colorado law will be the governing law in the event of any dispute between the Parties related to this Agreement.

**12.** **Tax Implications.** The University does not take any position or express any opinion with respect to how the Colorado Department of Revenue or the United States Internal Revenue Service will treat any portion or all of any payment made by the University under this Agreement.

**13.** **Effective Date.** The effective date of this Agreement shall be the last date that the authorized University officer signs this Agreement.

[SIGNATURES ON THE FOLLOWING PAGE]

**CAUTION: READ BEFORE SIGNING BELOW**

  I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT. I FULLY UNDERSTAND THAT THIS RELEASE HAS IMPORTANT LEGAL CONSEQUENCES. I HAVE HAD THE OPPORTUNITY TO GET AN ATTORNEY'S ADVICE.

**PLAINTIFF**

_____
Karen Jonscher

**THE BOARD OF REGENTS OF
THE UNIVERSITY OF COLORADO**

By:_____    _____
               Date

By:_____    _____

APPROVED AS TO FORM BY:

               ATTORNEY FOR THE PLAINTIFF

DATE: _____    By: _____
               Chet Kern

               ATTORNEY FOR THE BOARD OF REGENTS
               OF THE UNIVERSITY OF COLORADO

DATE: _____    By: _____
               Hermine Kallman, Office of University Counsel